# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3181

_____

United States of America,        *
                                        *

           Appellee,        *

                                        *   Appeal from the United States

      v.                  *   District Court for the

                                        *   Northern District of Iowa.

Derrick Crume,               *

                                        *

          Appellant.       *

_____

Submitted: May 12, 2005
Filed: September 6, 2005

_____

Before ARNOLD, LAY, and BENTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Derrick Crume appeals his convictions and sentence, including his special conditions of supervised release, for knowingly receiving child pornography, *see* 18 U.S.C. § 2252A(a)(2)(A), and knowingly possessing child pornography, *see* 18 U.S.C. § 2252A(a)(5)(B).  We affirm Mr. Crume's convictions, but we vacate certain special conditions of his supervised release and remand the case for further proceedings not inconsistent with this opinion.

Mr. Crume contends that he is entitled to a new trial because the district court permitted his probation officer to describe briefly one image of child pornography

found on a computer disk in his apartment. The government offered this testimony and multiple photographs found by his probation officer as "other acts" evidence under Federal Rule of Evidence 404(b). Although the court initially overruled Mr. Crume's objection that the admission of testimony describing the contents of the computer disk violated the best evidence rule, *see* Fed. R. Evid. 1002, it later reversed course and instructed the jury to disregard that portion of the officer's testimony. Therefore, even if the evidence was not admissible, any error was cured. *See United States v. Uphoff*, 232 F.3d 624, 626 (8th Cir. 2000).

Mr. Crume also appeals his sentence. In light of the uncertainty at the time regarding the constitutionality of the United States Sentencing Guidelines, *cf. Blakely v. Washington*, 542 U.S. 296 (2004), the district court pronounced three sentences. It first imposed a formal sentence of 262 months under the regime in place before *United States v. Booker*, 125 S. Ct. 738 (2005). It also pronounced two sentences alternative to the formal sentence and instructed that certain actions of the Supreme Court would trigger the imposition of those sentences: It imposed a sentence of 60 months if the Supreme Court interpreted *Blakely* to prohibit upward guideline adjustments from the base offense level in the absence of a jury finding; if the guidelines were "found unconstitutional, as a whole or in relation to this case," the court ordered the imposition of an alternative sentence of 300 months. The order indicates that the district court used the criteria set forth in 18 U.S.C. § 3553(a) to arrive at the 300-month sentence. The district court did not, however, pronounce an alternative sentence that would take effect if the sentencing guidelines were declared advisory.

The government and the defendant contend that our task here is to review the 262-month sentence. We agree. In *Booker* the Supreme Court expressly avoided holding that the Sentencing Guidelines were unconstitutional "as a whole," but instead excised certain portions of 18 U.S.C. § 3553 to make the guidelines advisory, rather than mandatory. *See Booker,* 125 S. Ct. at 756-57. The guidelines also have

not been held unconstitutional as applied in this case. Therefore, the condition that would trigger the imposition of the 300-month sentence (that the guidelines be found unconstitutional "as a whole or in relation to this case") has not been satisfied. *Cf. U.S. v. Archuleta*, 412 F.3d 1003, 1006-07 (8th Cir. 2005). Furthermore, *Booker* did not prohibit upward adjustments from the base offense level in the absence of a jury finding, *see Booker*, 125 S. Ct. at 756-57, and so the condition that would trigger the imposition of the 60-month sentence also has not been satisfied.

We must therefore review the default sentence of 262 months' imprisonment. Although the district court committed *Booker* error by pronouncing this sentence under the theory that the guidelines were mandatory, *see United States v. Thompson*, 403 F.3d 533, 535 (8th Cir. 2005), Mr. Crume does not contest this error. Instead he argues that the district court erred in enhancing his offense level for obstruction of justice, *see* U.S.S.G. § 3C.1.1, and in departing upward from the guidelines because his criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit further crimes, *see* U.S.S.G. § 4A1.3. We construe his arguments to be that his sentence was premised on an erroneous calculation of the guidelines sentence including any appropriate departures and that his overall sentence was unreasonable in light of the criteria of 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 765; *United States v. Shannon*, 414 F.3d 921, 922-23 (8th Cir. 2005).

The district court committed no error in calculating Mr. Crume's guidelines sentence. Mr. Crume first maintains that the district court erred by concluding that he obstructed justice by threatening two of his fellow prisoners with harm if they provided information to law enforcement agents. He argues that because he did not know when he made the threat that those he threatened were cooperating witnesses of the government, he did not obstruct justice. *See* U.S.S.G. § 3C1.1; *see also United States v. Oppedahl*, 998 F.2d 584, 585-86 (8th Cir. 1993). But there was evidence at trial that when he made the threat, Mr. Crume knew that those he threatened intended

to provide information to the prosecution. Indeed, a reasonable inference is that that is why he threatened them. The district court found that Mr. Crume "did threaten [the two fellow prisoners] while they were in Linn County Jail in an attempt to get them not to jump his case." This factual finding is not clearly erroneous. *See United States v. Molina*, 172 F.3d 1048, 1058 (8th Cir. 1999), *cert. denied*, 528 U.S. 893 (1999). Accordingly, the district court properly assessed the obstruction-of-justice enhancement.

Mr. Crume also argues that the district court erred in departing upward for an inadequate criminal history, *see* U.S.S.G. § 4A1.3, because his criminal history category had already been increased substantially for his prior illegal conduct of a sexual nature. The district court's upward departure from criminal history category IV to category VI produced a guidelines imprisonment range of 210 to 262 months, up from a range of 168 to 210 months. "We review [a district] court's decision to depart upward under the advisory guidelines for abuse of discretion." *See Shannon*, 414 F.3d at 923.

The district court provided a written statement of its reasons for the departure in which it indicated that it was concerned about Mr. Crume's likelihood to recidivate. The statement also indicates that the court decided to depart upward after considering the defendant's prior convictions resulting from and related to the sexual abuse of a child and his refusal to register as a sex offender. Mr. Crume's repeated violations of the terms of his supervision, *see United States v. Yahnke*, 395 F.3d 823, 825-26 (8th Cir. 2005), not all of which influenced his criminal history score, and his pattern of engaging in sexual misconduct, would justify a conclusion that he would engage in sexual abuse in the future to an extent that his criminal history does not fully capture. *Cf. United States v. Mugan*, 394 F.3d 1016, 1026 (8th Cir. 2005). The district court, therefore, did not abuse its discretion in departing upward for the purpose of deterrence. *See United States v. Carey*, 898 F.2d 642, 646 (8th Cir. 1990).

After concluding that the sentence imposed, including the upward departure, was consistent with the guidelines, we have little difficulty concluding that it was also reasonable in light of the criteria of 18 U.S.C. § 3553(a). *See Shannon*, 414 F.3d at 924; *cf. United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005).

Mr. Crume also takes issue with the terms of his supervised release. A sentencing judge is afforded wide discretion when imposing terms of supervised release, *see United States v. Crose*, 284 F.3d 911, 912 (8th Cir. 2002) (per curiam), and we review a decision to impose special terms of supervised release for abuse of that discretion. *United States v. Weiss*, 328 F.3d 414, 417 (8th Cir. 2003). But this discretion is limited by 18 U.S.C. § 3583(d), which provides that a court may impose only those special conditions of supervised release that satisfy three statutory requirements. First, the special conditions must be "reasonably related" to five matters: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical or other correctional needs. 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); *United States v. Fields*, 324 F.3d 1025, 1026-27 (8th Cir. 2003). Second, the conditions must "involve[] no greater deprivation of liberty than is reasonably necessary" to advance deterrence, the protection of the public from future crimes of the defendant, and the defendant's correctional needs. 18 U.S.C. §§ 3583(d)(2), 3553(a)(2)(B), (a)(2)(C), (a)(2)(D). Finally, the conditions must be consistent with any pertinent policy statements issued by the sentencing commission. 18 U.S.C. § 3583(d)(3). Mr. Crume argues that the conditions imposed, including those restricting his use of computers and the Internet, prohibiting him from being in places where minor children congregate, and restricting his contact with children under the age of eighteen, fail to satisfy the requirements of § 3583(d).

He first argues that the conditions of supervised release that completely bar his access to computers and the Internet (without first receiving written consent from his probation officer) represent a greater deprivation of his first amendment rights than is reasonably necessary. Although the district court is entrusted with broad discretion to fashion special conditions of supervised release, we are particularly reluctant to uphold sweeping restrictions on important constitutional rights. Our decisions to uphold similar restrictions on Internet access and computer use in *United States v. Ristine*, 335 F.3d 692, 696 (8th Cir. 2003), and *Fields*, 324 F.3d at 1027, were "based largely on two considerations," *Ristine*, 335 F.3d at 696. One of those considerations was that there was evidence that the defendant used his computer and the Internet to do more than merely possess child pornography. *Id.* We were careful to note in *Fields,* 324 F.3d at 1027, that "[a]ppellate courts have overturned conditions seen as overly restrictive, especially in cases involving simple possession of child pornography," but "[i]n cases where defendants used computers or the internet to commit crimes involving greater exploitation, such restrictions have been upheld." In *Fields,* the defendant used his computer and the Internet to sell subscriptions to pornographic images, *id.* at 1026-27, and in *Ristine*, 335 F.3d at 696, the defendant exchanged images with other Internet users and attempted to use his computer and the Internet to arrange sexual relations with underage girls.

Although Mr. Crume has a lengthy history of grievous sexual misconduct, the record is devoid of evidence that he has ever used his computer for anything beyond simply possessing child pornography. We are not convinced that a broad ban from such an important medium of communication, commerce, and information-gathering is necessary given the absence of evidence demonstrating more serious abuses of computers or the Internet. We are confident that the district court can impose a more narrowly-tailored restriction on Mr. Crume's computer use through a prohibition on accessing certain categories of websites and Internet content and can sufficiently

-6-

ensure his compliance with this condition through some combination of random searches and software that filters objectionable material.

Mr. Crume also challenges a condition barring him "from places where minor children under the age of 18 congregate such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without the prior written consent of his probation officer." He argues that this prohibition is not "reasonably related" to the matters listed in the relevant statute because he has never engaged in sexual misconduct in a public place. Furthermore, he asserts that it constitutes too great a deprivation of liberty because it bars him from much of the common space of the community and, by his reading, restricts him from all residences, whether or not minor children live there. But in *Ristine*, 335 F. 3d at 696-97, we read a very similar condition to prohibit the defendant's presence "only at those residences, parks ... where children under the age of 18 actually congregate." So read, we held that such a restriction, designed to limit a convict's access to children, was "sensible" and "not overbroad." *Id.* We have little difficulty reaching the same conclusion here.

Finally, Mr. Crume challenges the condition of his supervised release that prohibits him from contact with children under the age of eighteen without the written consent of his probation officer. He contends that this restriction constitutes an unnecessary deprivation of his liberty interest in having contact with his own children. But children, including those of Mr. Crume, are members of the public that the terms of supervised release seek to protect. *Cf.* 18 U.S.C. §§ 3583(d)(1), (d)(2), 3553(a)(2)(C). In fact, the daughter with whom he desires contact is the child conceived as the result of his impregnating a fourteen-year-old girl. The presentence investigation report reflects that this now-adult woman remains fearful of Mr. Crume and worries that he may try to molest her daughter.

The challenged condition, moreover, does not completely prohibit Mr. Crume from interacting with his children. He may have contact with children, including his own, with the written consent of his probation officer. We also note that we do not agree with the defendant that this provision prohibits him from accepting a letter written to him by one of his children. Accordingly, the district court did not abuse its discretion by forbidding Mr. Crume from having contact with children under the age of eighteen absent written consent.

We affirm Mr. Crume's conviction and his 262-month prison sentence. But we vacate special conditions of supervision two and four regarding Mr. Crume's access to computers and the Internet and remand the case to the district court for further proceedings not inconsistent with this opinion. We also call the district court's attention to its intention to vacate Mr. Crume's conviction on Count II if his conviction on Count I was affirmed.

_____