NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0240n.06

No. 11-3207

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Feb 29, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JOHN M. SMALCER, JR., | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. John M. Smalcer, Jr., who is represented by counsel, appeals a district court order sentencing him to thirty-six months of imprisonment. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In September 2006, Smalcer was charged with two counts of bankruptcy fraud in violation of 18 U.S.C. § 157(3), and one count of forging a judicial signature in violation of 18 U.S.C. § 505. In December 2006, pursuant to a written plea agreement, Smalcer pled guilty to all three counts of the indictment. The district court sentenced Smalcer to five years of probation.

In October 2010, Smalcer was arrested for violating three conditions of his probation. Smalcer admitted to committing the violations. The district court ordered Smalcer to undergo a mental health evaluation with the Bureau of Prisons and ordered the violation hearing held in abeyance pending the completion of the examination.

In February 2011, the district court conducted the violation hearing. Smalcer was sentenced to thirty-six months of imprisonment, an upward variance from the advisory Sentencing Guidelines

range of three to nine months of imprisonment. In addition to the term of imprisonment, the district court sentenced Smalcer to three years of supervised release and imposed several special conditions. Most notably, the district court prohibited Smalcer from having any contact with his wife and children, unless ordered by an appropriate court of jurisdiction.

On appeal, Smalcer argues that: 1) the order prohibiting him from contacting his children is procedurally and substantively unreasonable and violates his due process rights; 2) the district court's failure to consider the nature and circumstances of his convictions and the court's failure to appropriately weigh the relevant factors resulted in a procedurally and substantively unreasonable sentence; and 3) the district court's improper order for a psychological examination and its improper order that he divulge his Facebook password violated his Fifth Amendment privilege against compelled self-incrimination, resulting in a procedurally and substantively unreasonable sentence.

"'We review the imposition of a supervised-release condition for abuse of discretion.'" *United States v. May*, 568 F.3d 597, 607 (6th Cir. 2009) (quoting *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006)). "On 'abuse of discretion' review, 'where a condition of supervised release is reasonably related to the dual goals of probation, [namely] the rehabilitation of the defendant and the protection of the public, it must be upheld.'" *United States v. Kingsley*, 241 F.3d 828, 835 (6th Cir. 2001) (quoting *United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997)). This "rigorous" standard of review "permits reversal of a district court's directive only in comparatively extreme circumstances." *Id.*

"We review the imposition of a special condition of supervised release along two dimensions. One dimension is procedural . . . ." *Carter*, 463 F.3d at 528. The district court errs procedurally when it fails to state on the record its specific reasons for imposing special conditions on supervised release. *See id.* at 528-29; *see also* 18 U.S.C. § 3553(c). The second dimension is substantive and tracks 18 U.S.C. § 3583(d). *See Carter*, 463 F.3d at 529. Under § 3583(d), the district court's imposition of special conditions on supervised release must 1) be "reasonably related to the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)"; 2) "involve[] no greater

deprivation of liberty than is reasonably necessary for the purposes set forth in [18 U.S.C. §] 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)"; and 3) be "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)." 18 U.S.C. § 3583(d).

The special condition that Smalcer has no contact with his family without a court order is justified. The district court imposed the special no-contact condition because of several factors that the court found disconcerting. The district court relied on the information contained in Smalcer's supplemental violation report and the psychological evaluation in concluding that Smalcer posed a danger to the community and to his family.

No substantive error was committed. Smalcer only objects to the district court's application of 18 U.S.C. §§ 3583(d)(1) and (d)(2). The imposed special condition is reasonably related to Smalcer's history and characteristics. *See* 18 U.S.C. §§ 3553(a)(1), 3583(d)(1). The fact that the condition only relates to one § 3553(a) factor is not determinative. *See Carter*, 463 F.3d at 529. The record establishes that Smalcer's behavior posed a threat to his children. Thus, the imposed condition is reasonably related to a valid concern regarding the safety and welfare of Smalcer's children.

In addition, the condition "involves no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(2). The no-contact order is reasonably necessary to protect Smalcer's children. *See* 18 U.S.C. § 3553(a)(2)(C). Further, the no-contact condition is not a complete bar to Smalcer's fundamental right of family association, thus providing further support for the restriction. *See United States v. Crume*, 422 F.3d 728, 734 (8th Cir. 2005). Therefore, the special no-contact condition does not violate Smalcer's due process rights.

Smalcer's second claim is also without merit. At Smalcer's revocation hearing, the district court revoked Smalcer's prior sentence of probation and resentenced him. 18 U.S.C. § 3565(a)(2). Thus, the district court was required to consider the pertinent United States Sentencing Guidelines and § 3553(a) factors in imposing Smalcer's subsequent sentence.

We review a sentence upon revocation of supervised release "'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Reasonableness review has both a procedural and a substantive component. *See Gall*, 552 U.S. at 51. When reviewing a district court's sentencing determination, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.*

"Assuming that the district court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* A substantively reasonable sentence "is 'sufficient but not greater than necessary, to comply with the purposes' of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Petrus*, 588 F.3d 347, 353 (6th Cir. 2009) (quoting *Bolds*, 511 F.3d at 580). "Substantive unreasonableness focuses on the length and type of the sentence and will be found when 'the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Camacho-Arellano*, 614 F.3d 244, 247 (6th Cir. 2010) (citations omitted) (quoting *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010) (internal quotation marks omitted)).

Smalcer argues that his sentence was procedurally unreasonable because the district court failed to consider all of the § 3553(a) factors, specifically the nature and circumstances of his underlying offenses. The record demonstrates that the district court did consider the nature and circumstances of Smalcer's bankruptcy fraud and forgery offenses. After considering Smalcer's persistent pattern of defiance and manipulation of authority, the district court concluded that the advisory sentencing guidelines were "woefully inadequate." Thus, the district court's sentence is procedurally reasonable.

Smalcer argues that the district court's sentence is also substantively unreasonable because the court failed to afford any weight to the nature and circumstances of Smalcer's underlying convictions. He further argues that the court placed undue weight on his post-revocation conduct. The record adequately demonstrates that the district court considered the nature and circumstances of Smalcer's underlying convictions. The record also demonstrates that the district court prudently considered the pertinent § 3553(a) factors, but "the court did not weigh these factors so heavily as to make the sentence substantively unreasonable." *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 2116 (2010). Moreover, the totality of the circumstances, including the district court's consideration of the pertinent § 3553(a) factors, Smalcer's probation violations, and Smalcer's post-revocation conduct, justify the extent of the variance the district court imposed. *See Gall*, 552 U.S. at 51; *see also United States v. Johnson*, 403 F.3d 813, 817 (6th Cir. 2005). Therefore, Smalcer has failed to demonstrate that his sentence is substantively unreasonable.

Smalcer's final argument lacks merit. Smalcer claims that the district court's sentence is procedurally and substantively unreasonable because the district court considered impermissible factors. Specifically, Smalcer challenges his psychological evaluation and use of his Facebook page. However, a factor is not impermissible when the district court draws its reasoning in the terms of § 3553(a). *See United States v. Collington*, 461 F.3d 805, 810 (6th Cir. 2006). The district court considered the psychological evaluation and the content of Smalcer's Facebook page in relation to Smalcer's history, characteristics, and need to protect the public. *See* 18 U.S.C. § 3553(a). Thus, the district court's sentence is not procedurally or substantively unreasonable based on a consideration of these factors.

Smalcer also argues that the district court violated his Fifth Amendment right against self-incrimination by ordering that he undergo a psychological evaluation and divulging his Facebook password. A probation revocation proceeding is not a criminal prosecution and Smalcer was not due "the full panoply of rights due a defendant" in a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). "Just as there is no right to a jury trial before probation may be revoked, neither

is the privilege against compelled self-incrimination available to a probationer." *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984). The district court ordered this information at Smalcer's probation violation hearing. At that time, Smalcer was no longer being subjected to criminal prosecution. Thus, Smalcer no longer held the privilege against self-incrimination. *See id.*

The district court's order is affirmed.