# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2876

———————————————

United States of America

*Plaintiff - Appellee*

v.

Ben Culbertson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Joplin

——————————

Submitted: March 15, 2018
Filed: March 21, 2018
[Unpublished]

——————————

Before GRUENDER, BOWMAN, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Ben Culbertson pleaded guilty to a child-pornography charge and now appeals his sentence. The district court[1] sentenced him to 264 months in prison—near the low

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

end of his sentencing guidelines range—to be followed by supervised release for life, with conditions. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), questioning the reasonableness of the prison term and the propriety of two special conditions of supervised release.

Upon careful review, we conclude that the district court did not impose an unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing a sentence under the deferential abuse-of-discretion standard; discussing substantive reasonableness; and noting that if the defendant's sentence is within the guidelines range, then the appellate court may, but is not required to, apply a presumption of reasonableness). We further conclude that the court did not abuse its discretion in imposing the two challenged special conditions of supervised release. *See United States v. Godfrey*, 863 F.3d 1088, 1101 (8th Cir. 2017) (stating that this court reviews the imposition of special conditions of supervised release for abuse of discretion); *see also* 18 U.S.C. § 3583(d) (setting forth general criteria for special conditions of supervised release); *cf. United States v. Wiedower*, 634 F.3d 490, 493-94 (8th Cir. 2011) (discussing polygraph testing as a special condition of supervised release); *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005) (discussing restrictions on internet usage as a special condition of supervised release).

In addition, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____