# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1503

_____

United States of America

*Plaintiff - Appellee*

v.

Donald Thomas Perrin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 11, 2019
Filed: June 19, 2019

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Donald Thomas Perrin pled guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a), (e), and to commission of a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C.

§ 2260A. The district court[1] sentenced him to 360 months imprisonment on the first count and 120 months imprisonment on the second count, to run consecutively to one another. The court also imposed a 20-year term of supervised release on the first count and a 3-year term of supervised release on the second count, to run concurrently to one another. Over Perrin's objection, the district court imposed a special condition of supervision that he "not possess or use a computer or have access to any online service without the prior approval of the U.S. Probation and Pretrial Services Office." Judgment 5, Dist. Ct. Dkt. 111. For the first time on appeal, Perrin challenges the condition on First Amendment grounds. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

This Court ordinarily "reviews the district court's imposition of the terms and conditions of supervised release for abuse of discretion[,] . . . reviews de novo a district court's legal conclusion that a condition does not violate a defendant's constitutional rights, and reviews for clear error the factual findings supporting that conclusion." United States v. Fonder, 719 F.3d 960, 961 (8th Cir. 2013). This case, however, warrants an exception, as Perrin invokes the First Amendment for the first time on appeal. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) ("An error by the trial court, even one affecting a constitutional right, is forfeited—that is, not preserved for appeal—'by the failure to make timely assertion of the right.'" (quoting United States v. Olano, 507 U.S. 725, 731 (1993))). It is well established that, "[t]o preserve an error for appellate review, an objection must be timely and must 'clearly stat[e] the grounds for the objection.'" Id. (quoting United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993)). This is "so that the trial court has an opportunity to prevent or correct the error in the first instance."

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

-2-

Williams, 994 F.2d at 1294 (quoting United States v. Thornberg, 844 F.2d 573, 575 (8th Cir. 1988)).

At his sentencing hearing, Perrin objected to the special condition "[t]o the extent that it says that there is no use of computers unless approved by Probation" and "ask[ed] the [district c]ourt to change that to no unlawful use of computers or . . . that he is allowed to use computers [for] the daily things that computers are now a part of in our lives, paying bills and things of that nature." Sent. Hr'g Tr. 40, Dist. Ct. Dkt. 125. However, he did not raise any of the First Amendment arguments he now urges on appeal—namely, that the special condition is "overbroad," is "an overly burdensome restriction on speech[,]" and "impermissibly restricts [his] right to lawful speech[.]" Appellant's Br. i, 8-9. Compare United States v. Johnson, 710 F.3d 784, 788 (8th Cir. 2013) (concluding that objection was sufficient to preserve due process issue for appellate review because the objection was both "specific and timely" in that it "adequately referenced the right to cross-examine adverse witnesses" and the district court had an opportunity to correct the alleged error), with United States v. Stults, 575 F.3d 834, 854 (8th Cir. 2009) (reviewing for plain error the district court's imposition of a special condition of supervised release because the defendant's objection at sentencing specifically invoked the First Amendment and he argued the condition was overbroad "as it prohibited him from accessing lawful materials" but on appeal he argued that the condition was unconstitutionally vague). Perrin objected to a different condition as "overly broad and unnecessary[,]" but not the one germane to this appeal. Sent. Hr'g Tr. 40.

Further, at no point did Perrin object to the special condition's prohibition on "access to any online service[.]" Judgment 5. Nor did he direct the district court to Packingham v. North Carolina, 137 S. Ct. 1730 (2017), which serves as the predicate for his First Amendment challenge to the special condition. See Appellant's Br. 11 (asking this Court to "re-examine" the special condition "in light of"

Packingham). Perrin cannot claim Packingham was unavailable to him; it was decided on June 19, 2017, well before his sentencing hearing on February 28, 2018.

Nor is it material that the government argued that review is for abuse of discretion, rather than for plain error. See United States v. Bain, 586 F.3d 634, 639 n.4, 639-40 (8th Cir. 2009) (per curiam) (reviewing for plain error despite the parties claiming error was preserved and despite the government advocating for abuse of discretion standard). Indeed, "[a] party's concession on the standard of review does not bind the court, as '[s]uch a determination remains for this court to make for itself.'" Id. at 639 n.4 (second alteration in original) (quoting K & T Enters., Inc. v. Zurich Ins. Co., 97 F.3d 171, 175 (6th Cir. 1996)); see also United States v. Ellis, 815 F.3d 419, 422 n.2 (8th Cir. 2016) (reinforcing Bain); accord United States v. Macias, 789 F.3d 1011, 1017 n.3 (9th Cir. 2015) ("Which standard of review to apply is a pure issue of law, and, exercising our discretion, we apply the plain error standard of review notwithstanding the government's failure to argue that it should apply." (citation omitted)); United States v. Williams, 641 F.3d 758, 773 (6th Cir. 2011) (Thapar, J., concurring) (citing Bain as holding "that the parties cannot waive plain error review by failing to request it" and stating that "[t]he Eighth Circuit is on the right side of the split"). But see United States v. Encarnación-Ruiz, 787 F.3d 581, 586-87 (1st Cir. 2015) (collecting cases from the First, Sixth, Seventh, Ninth, and D.C. Circuits that provide that, "[w]hen the government fails to request plain error review, . . . the claim [is reviewed] under the standard of review that is applied when the issue is properly preserved below"); United States v. Jeffries, 587 F.3d 690, 691 n.1 (5th Cir. 2009) (noting that "the Government does not seek plain error review").

Accordingly, Perrin's objection to the special condition is insufficient, and we will review for plain error. See Pirani, 406 F.3d at 549 ("Errors not properly preserved are reviewed only for plain error . . . ."); see also United States v. Munjak, 669 F.3d 906, 908 (8th Cir. 2012) (reviewing for plain error imposition of special

-4-

condition of supervised release prohibiting the defendant from "accessing the Internet without the prior approval of the probation office"). "The plain-error test is well established[.]" United States v. Barthman, 919 F.3d 1118, 1120-21 (8th Cir. 2019) (describing the four prongs of plain-error review). But we need not go through the test in depth because "[t]he threshold requirement for relief under the plain-error standard is the presence of an error and," here, that is missing. United States v. Evans, 908 F.3d 346, 351 (8th Cir. 2018).

## II.

It is well established that, "[w]hile a sentencing court has 'wide discretion' to impose special conditions of supervised release, such conditions must satisfy the requirements set out in 18 U.S.C. § 3583(d)." United States v. Durham, 618 F.3d 921, 944 (8th Cir. 2010) (quoting United States v. Crume, 422 F.3d 728, 732 (8th Cir. 2005)).

> First, the special conditions must be reasonably related to five matters: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical or other correctional needs. Second, the conditions must involve[] no greater deprivation of liberty than is reasonably necessary to advance deterrence, the protection of the public from future crimes of the defendant, and the defendant's correctional needs. Finally, the conditions must be consistent with any pertinent policy statements issued by the sentencing commission.

Crume, 422 F.3d at 733 (alteration in original) (internal quotation marks and citations omitted).

Perrin only disputes the second of these requirements. <u>See</u> Appellant's Br. 11.[2] Specifically, he argues that the special condition violates the First Amendment, citing <u>Packingham</u>. In <u>Packingham</u>, the Supreme Court "held that a North Carolina statute prohibiting registered sex offenders from accessing certain commonplace social media websites violated the First Amendment right to freedom of speech." <u>Timbs v. Indiana</u>, 139 S. Ct. 682, 690 (2019). The statute at issue in <u>Packingham</u> "[made] it a felony for a registered sex offender 'to access a commercial social networking Web site where the sex offender knows that the site permits minor children to become members or to create or maintain personal Web pages.'" 137 S. Ct. at 1733 (quoting N.C. Gen. Stat. § 14-202.5(a), (e) (2015)). <u>Packingham</u>, however, is of no help to Perrin for at least three reasons.

*First*, the Court in <u>Packingham</u> cautioned that its "opinion should not be interpreted as barring" the enactment of specific laws against specific criminal acts, as such "acts are not protected speech even if speech is the means for their commission." <u>Id.</u> at 1737. The Court "assumed that the First Amendment permits [the enactment of] specific, narrowly tailored laws that prohibit a sex offender from engaging in conduct that often presages a sexual crime, *like contacting a minor* or using a website to gather information about a minor." <u>Id.</u> (emphasis added); <u>see also</u> <u>United States v. Holena</u>, 906 F.3d 288, 293-95 (3d Cir. 2018) (noting that the district court can limit the defendant's First Amendment rights "with appropriately

---

[2]At any rate, the special condition satisfies the first and third requirements. <u>See</u> <u>United States v. Demers</u>, 634 F.3d 982, 984 (8th Cir. 2011) (per curiam) ("Demers argues that a ban on his access to the internet is not reasonably related to the [18 U.S.C.] § 3553(a) factors. We have repeatedly rejected this argument."); <u>see also</u> <u>United States v. Fernandez</u>, 776 F.3d 344, 346 (5th Cir. 2015) (per curiam) ("[F]or sex offenses, the Guidelines address computer use, recommending district courts impose '[a] condition limiting the use of a computer or an interactive computer service *in cases in which the defendant used such items*.'" (second alteration in original) (quoting United States Sentencing Commission, <u>Guidelines Manual</u>, § 5D1.3(d)(7)(B))).

tailored conditions of supervised release" that achieve "[t]he goal of restricting [the defendant]'s internet use . . . to keep him from preying on children"). Notably, the Court in Packingham observed that the State of North Carolina never alleged that the petitioner "contacted a minor—or committed any other illicit act—on the Internet." 137 S. Ct. at 1734; see also United States v. Eaglin, 913 F.3d 88, 97-98 (2d Cir. 2019) (distinguishing case from another case where a ban on Internet use was upheld because the defendant had not "been charged with or convicted of a sex crime involving Internet use" nor did "the crime of conviction or the violation of supervised release involve[] using the Internet to prey on children or otherwise endanger the public"); United States v. Avila, 719 F. App'x 591, 594-95 (9th Cir. 2017) (mem.) (vacating, on plain-error review, special condition of supervised release prohibiting the possession or use of a computer or device with access to the Internet unless approved by a probation officer because neither the defendant's "underlying conviction nor his supervised release violations involved use of the internet").

Here, unlike in Packingham, Perrin *did* contact a minor. Despite having never met the minor in person, Perrin used applications like Kik Messenger[3] and FaceTime[4] to have sexually explicit communications with the minor. Perrin sent the minor a picture of his penis via Kik Messenger, and the district court found credible testimony that the minor and Perrin "engaged in masturbation during their FaceTime conversations." Sent. Hr'g Tr. 10. Further, the district court found, in relevant part, that, "over the course of several years[, Perrin] preyed on and . . . victimized a teenage girl and . . . used technology to invade her home and her bedroom, places that were

---

[3]Kik Messenger "is a free app available on most mobile platforms and allows people to find strangers and communicate with them anonymously, through a user name." United States v. Jauron, 832 F.3d 859, 861 n.3 (8th Cir. 2016) (internal quotation marks omitted).

[4]FaceTime "is a cell phone application that allows users to communicate over video." Hylland v. Flaum, No. 4:16-CV-04060-RAL, 2016 WL 6901267, at *1 n.3 (D.S.D. Nov. 22, 2016).

supposed to be her safest and most private spaces[, and] . . . committed [his] crimes so that [he] could satisfy [his] deviant sexual desires . . . ."  Sent. Hr'g Tr. 33.  The district court noted that, when Perrin was previously on probation for possessing child pornography, he was "in contact with minor females" and after he had been charged with the underlying offenses, he "continued to initiate improper contact with [his] victim."  Sent. Hr'g Tr. 34.

*Second*, the statute at issue in Packingham prohibited registered sex offenders from accessing commercial social-networking sites, even after "hav[ing] completed their sentences."  137 S. Ct. at 1737; accord United States v. Antczak, 753 F. App'x 705, 714-15 (11th Cir. 2018) (per curiam) (addressing First Amendment challenge under Packingham to lifetime supervised release condition prohibiting possession or use of a computer unless approved by the court, and finding no "error, plain or otherwise[,]" primarily because, "unlike the condition imposed on [the defendant] for his past behavior, the statute at issue in Packingham was prospective: rather than simply punishing a past crime, the statute there made it a new felony for a person to use all social-media outlets, even though that person had had all impingements upon his constitutional rights lifted by fully serving the prior sentence"); United States v. Halverson, 897 F.3d 645, 657-58 (5th Cir. 2018) (addressing First Amendment challenge under Packingham to lifetime supervised release condition prohibiting Internet access unless approved by a probation officer, and finding no plain error in imposing the condition primarily because "the driving concern of the Court [in Packingham] was the imposition of a severe restriction on persons who had served their sentences and were no longer subject to the supervision of the criminal justice system"); United States v. Browder, 866 F.3d 504, 511 n.26 (2d Cir. 2017), cert. denied, 138 S. Ct. 693 (2018) (noting Packingham "involved an internet *ban* . . . and that ban extended beyond the completion of a sentence"); United States v. Rock, 863 F.3d 827, 831 (D.C. Cir. 2017) (finding "no plain error in the imposition of" a supervised-release condition prohibiting the possession or use of a computer "or having access to any online service, without the prior approval of the probation

-8-

office[,]" notwithstanding Packingham because the condition was "imposed as part of [a] supervised-release sentence, and [was] not a post-custodial restriction of the sort imposed" in Packingham).

A term of supervised release, however, is "a part of the sentence," 18 U.S.C. § 3583(a); United States v. James, 792 F.3d 962, 967 (8th Cir. 2015), "rather than a post-sentence penalty[,]" Halverson, 897 F.3d at 658, and, therefore, Perrin has not completed his sentence. See Holena, 906 F.3d at 295 ("Defendants on supervised release enjoy less freedom than those who have finished serving their sentences." (citing United States v. Knights, 534 U.S. 112, 119 (2001))).

*Third*, the Court in Packingham found that the North Carolina statute was a "complete bar to the exercise of First Amendment rights on websites integral to the fabric of our modern society and culture." 137 S. Ct. at 1738. Here, unlike in Packingham, Perrin may possess or use a computer or have access to the Internet so long as he obtains approval from his probation officer. As Perrin acknowledges, see Appellant's Br. 10, in United States v. Durham, we held that the district court "did not abuse its discretion, much less plainly err, in imposing" a special condition of supervised release that prohibited the defendant from accessing the Internet "as long as he obtain[ed] permission from the probation office[.]" 618 F.3d at 945. We explained that the condition did not "involve[] a greater deprivation of liberty than is reasonably necessary" for two reasons. Id. at 944-45. For one, the condition was not "a complete ban on Internet access" because it permitted the defendant "to access the Internet as long as he obtain[ed] permission from the probation office." Id. at 944. Thus, the condition was "treated as merely a partial deprivation of [the defendant]'s interest in having unfettered access to the Internet." Id. Additionally, the defendant in Durham had used his computer for more than simply possessing child pornography; he had "used his computer to distribute child pornography." Id.

Although <u>Durham</u> did not involve a First Amendment challenge to a special condition of supervised release, <u>Durham</u> is instructive over the question of whether the special condition at issue "involves a greater deprivation of liberty than is reasonably necessary . . . ." <u>Id.</u>; <u>see also</u> <u>United States v. Newell</u>, 915 F.3d 587, 591 (8th Cir. 2019) ("With regard to restricting access to Internet-connected devices, we consider relevant whether the defendant did more than merely possess child pornography and whether the restriction is a total ban." (internal quotation marks omitted)). We conclude that the special condition at issue does not involve a greater deprivation of liberty than is reasonably necessary. Like in <u>Durham</u>, here the special condition is not a complete ban on Internet access and there is ample evidence in the record that Perrin used his devices for activities beyond simply possessing child pornography, including producing child pornography. <u>See</u> <u>United States v. Bender</u>, 566 F.3d 748, 751 (8th Cir. 2009) ("This court [has] affirmed computer and internet restrictions where the defendant . . . produced [child pornography.]"). Accordingly, the district court did not err, much less plainly err, in imposing the special condition.

III.

The judgment is affirmed.

_____