# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-2363

———————————————

Justin Thomas Morales

*Plaintiff - Appellant*

v.

United States of America

*Respondent - Appellee*

————————

Appeal from United States District Court
for the District of South Dakota - Southern

————————

Submitted: October 21, 2022
Filed: March 23, 2023
[Unpublished]

————————

Before KELLY, WOLLMAN, and KOBES, Circuit Judges.

————————

PER CURIAM.

Justin Morales moved under 28 U.S.C. § 2255 to vacate his sentence based on ineffective assistance of counsel. The district court denied Morales's motion because he had not suffered prejudice. We reverse and remand because Morales may have been prejudiced by his term of supervised release.

Morales was convicted for conspiracy to distribute methamphetamine in 2018. The Government sought a sentencing enhancement under 21 U.S.C. § 851 because Morales had a 2003 felony drug conviction. Without the § 851 enhancement, Morales faced a statutory minimum of ten years in prison and five years of supervised release. See 21 U.S.C. § 841(b)(1)(A). With the § 851 enhancement, Morales's minimums doubled to twenty years in prison and ten years of supervised release. See id. §§ 841(b)(1)(A), 851. The district court applied the enhancement and sentenced Morales to thirty years in prison and ten years of supervised release.

Morales then filed a § 2255 motion for ineffective assistance of counsel. To succeed, Morales had to demonstrate that (1) he received deficient representation from his counsel and (2) the deficient representation was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Morales argued that his counsel should have challenged the § 851 enhancement because his 2003 felony drug conviction was an impermissible predicate offense.[1] Since his counsel did not make this argument, Morales argued that he received ineffective assistance.

The district court denied the motion. The court found that, regardless of his counsel's possible deficient performance,[2] Morales had not been prejudiced. The sentencing court imposed a prison sentence above the mandatory minimum with the enhancement. So even without the enhancement, it was likely that Morales would have received the same prison sentence. Because of this, the district court found that any possible deficient performance had not been prejudicial.

---

[1]Morales claimed that his 2003 conviction was based on a Kansas statute that was broader than the federal statute, so the 2003 conviction could not qualify as a predicate offense. See Mathis v. United States, 579 U.S. 500, 509 (2016).

[2]The district court did not directly rule on whether the 2003 conviction was a predicate offense.

Whether or not the district court was right about Morales's term of imprisonment, it appeared to overlook supervised release. A term of supervised release is not a post-sentence penalty, but part of the sentence. United States v. Perrin, 926 F.3d 1044, 1049 (8th Cir. 2019). And, as previously noted, the § 851 enhancement increased both the statutory minimum and the Guidelines range for supervised release to ten years.

Since the sentencing court imposed the shortest term of supervised release possible under the statute, "there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." Theus v. United States, 611 F.3d 441, 447 (8th Cir. 2010). If the statutory minimum and the Guidelines recommendation were five years, there is a reasonable probability "sufficient to undermine confidence in the outcome" that the sentencing court would have imposed a lesser sentence of supervised release. Strickland, 466 U.S. at 694.

Because Morales may have been prejudiced by the application of the § 851 enhancement, at least on the supervised release part of his sentence, we reverse the decision of the district court and remand for further consideration, including the threshold determination of whether counsel was deficient.

_____