# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1249
_____

United States of America

*Plaintiff - Appellee*

v.

Cindy Anne Ortiz, also known as Cindy Ann Ortiz

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: January 12, 2024
Filed: August 7, 2024
[Unpublished]
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

A jury found Cindy Ortiz guilty of possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court[1] sentenced Ortiz to a 156-month term of imprisonment. Ortiz appeals, asserting the district court violated her constitutional rights at trial by allowing the government to question law enforcement witnesses and Ortiz about her refusal to consent to a search of her bags and mentioned her request to speak with an attorney. She also argues the district court abused its discretion when it prohibited the admission of Richard Vaida's prior federal conviction for conspiracy to distribute methamphetamine. We affirm.

On November 14, 2021, Ortiz rented a hotel room with Vaida. Ortiz left the hotel around midnight without Vaida. No one else entered the hotel room that night. When Ortiz returned to the room at 5:30 a.m., she found Vaida unresponsive, face down in the jacuzzi. After she reported the emergency to hotel management, the responding manager observed Ortiz inside the room, Vaida floating face down in the jacuzzi, and drug paraphernalia sitting on top of the jacuzzi. At approximately 5:51 a.m., Council Bluffs Police Officer Michael Limberg arrived at the scene. When Officer Limberg entered the open doorway, he observed in plain view a glass jar containing methamphetamine on the jacuzzi. Officer Limberg also saw three cellphones and a can of lighter fluid.

Another responding Council Bluffs police officer, Officer Matt Kuhlmann, was assigned to interview Ortiz. During the interview, Ortiz gave her phone to the officer, which allowed him to capture text messages between Ortiz and Vaida. The messages contained communications regarding Ortiz picking up Vaida and Vaida telling Ortiz he forgot his shaving kit. When Officer Kuhlmann asked Ortiz for consent to search the hotel room, after some initial hesitancy, Ortiz consented.

After Ortiz was transported to the police station, Council Bluffs Police Officer Miranda Adams arrived at the hotel. Ortiz then returned to the hotel and Officer Adams asked her about searching her vehicle and the bags located inside the room.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Officer Adams testified that Ortiz did not deny ownership of the bags but refused to consent to a search of them and asked to speak with an attorney. Officer Adams then obtained a search warrant for the bags. With the warrant in hand, Officer Adams found makeup and what he described as a ledger in the first bag searched. A picture of the ledger was admitted at trial. Inside the red and black backpack that Ortiz was seen wearing as she entered the hotel, Officer Adams recovered two bundles of methamphetamine (one weighing roughly 247 grams and another weighing 442 grams). Inside the backpack was a smaller bag containing a digital scale and a bundle of small plastic baggies. The third bag, a duffle bag, that Ortiz was seen carrying on surveillance footage held identification belonging to Ortiz and women's clothing.

At trial, Officer Kuhlmann testified about his interview with Ortiz and specifically Ortiz's response to his request to search her bags. Ortiz objected based "on hearsay and 403." Ortiz never explained the nature of her objection under Federal Rule of Evidence 403. The court overruled the objections, and Officer Kuhlmann testified that Ortiz consented to a search of the room but refused to consent to a search of the three bags. Special Agent Anthony Peterson testified generally about the distribution of controlled substances and the existence of several items in the hotel room consistent with the distribution of methamphetamine. Special Agent Peterson informed the jury that 600 grams of methamphetamine had a value of between $6,000 and $7,000. He acknowledged that other items found in the room were consistent with the use of methamphetamine.

Ortiz testified that she was a methamphetamine user. She admitted the three small baggies were hers for personal use. Ortiz claimed that when trying to lift Vaida out of the jacuzzi, she found two larger bags of methamphetamine, panicked, and shoved them in the backpack before officers arrived. According to Ortiz, Vaida was the person involved in the distribution of methamphetamine. To bolster her defense theory, she unsuccessfully sought to have Vaida's 2005 federal drug conspiracy conviction admitted.

After weighing the competing evidence, the jury convicted Ortiz of possession of methamphetamine with intent to distribute. This appeal followed.

Ortiz first argues that her Fourth and Fifth Amendment rights were violated when the district court allowed the government to question law enforcement and Ortiz about her refusal to consent to the search of her bags and mentioned her request to speak with an attorney. However, Ortiz forfeited her constitutional arguments when she failed to explain the constitutional nature of her Rule 403 objection. See United States v. Dozier, 31 F.4th 624, 629 (8th Cir. 2022) (explaining a party forfeits an argument by failing to timely and clearly state the grounds for the objection). Because Ortiz's general objection was not sufficient to preserve her claim, we review her claim for plain error. See United States v. Perrin, 926 F.3d 1044, 1045-46 (8th Cir. 2019) (applying plain error review where the defendant generally objected to the special condition at the district court level, but only invoked the First Amendment on appeal).

To obtain relief, Ortiz must show an error that is plain which affected her substantial rights and seriously affected the fairness, integrity, or public reputation of the trial. See United States v. Olano, 507 U.S. 725, 732 (1993). Here, there was a single, isolated reference to Ortiz's invocation of the right to counsel when an officer testified that he decided to get a search warrant for the bags after Ortiz expressed a desire to speak to an attorney. As to her refusal to consent to a search of the bags, Ortiz claimed Vaida was responsible for the bundles of methamphetamine that she concealed in her backpack. Brief testimony that she declined to consent to a search of the bags was not only elicited by the prosecutor but Ortiz's counsel cross-examined law enforcement on this issue. On these facts, we are unconvinced that Ortiz has demonstrated plain error.

More importantly, there is not a reasonable probability that the testimony at issue affected the outcome. The jury's verdict was supported by overwhelming evidence, including a jar containing methamphetamine in plain view, multiple cellphones, a can of lighter fluid, a ledger in Ortiz's bag, two bundles of

methamphetamine totaling over 600 grams, a digital scale, and a bundle of small plastic baggies. Security footage captured that night shows Ortiz wearing the same backpack that contained some of the contraband that was seized pursuant to a search warrant. Defense counsel was successful in creating a fact issue as to Ortiz's intent to distribute methamphetamine, arguing that Vaida was responsible for the larger distribution quantities of methamphetamine and offering an explanation as to why the drugs were found in a bag she was observed carrying. The jury rejected her defense. There is nothing about the evidence that Ortiz claims was wrongfully admitted that demonstrates a reasonable probability that the alleged Fourth and Fifth Amendment violations affected her substantial rights.

Ortiz also contends that Vaida's 2005 conviction for conspiracy to distribute methamphetamine should have been admitted as "reverse" 404(b) evidence to establish Vaida's intent and Ortiz's lack of intent to distribute methamphetamine. The government objected below to admission of the evidence, arguing: (1) it was impermissible propensity evidence, and (2) raised concerns under Federal Rule of Evidence 403 because Ortiz was seeking to admit a deceased person's prior conviction. We will reverse an evidentiary ruling of this type only if it affected a defendant's substantial rights or had more than a slight influence on the verdict. United States v. Brown, 88 F.4th 750, 758 (8th Cir. 2023).

Ortiz testified that she had no intent to distribute any drugs and explained to the jury the presence of 600 grams of methamphetamine in a bag that she was seen carrying on surveillance footage. She also explained the purpose of the scale and bundle of baggies, which was to weigh and package drugs that she bought for personal use to ensure she received the agreed upon amount. Consistent with her theory, Special Agent Peterson acknowledged that some items found in the hotel room were consistent with personal use. The exclusion of Vaida's prior conviction did not prevent Ortiz from raising questions about her intent to distribute methamphetamine. Given the information Ortiz put before the jury on intent, which was sufficient to create a fact question for the jury, the exclusion of Vaida's prior

federal drug conviction did not affect her substantial rights and could have had no more than "a slight influence on the verdict."

We affirm the district court's judgment.

_____