# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2438

_____

United States of America

*Plaintiff - Appellee*

v.

Ricky Lee Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 18, 2013
Filed: March 25, 2013

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Ricky Lee Johnson appeals from a final judgment entered by the district court revoking his supervised release and sentencing him to 21 months imprisonment. He argues that the district court's consideration of a police report, which a probation officer read into evidence, violated his limited due process rights to question adverse witnesses at a revocation hearing. For the following reasons, we vacate Johnson's sentence and remand the case.

I.

In 2007, Johnson was convicted of conspiracy to possess stolen mail and sentenced to fifteen months imprisonment followed by a three-year term of supervised release. His supervised release began on March 17, 2009. The probation office subsequently filed a Petition for Warrant for Offender Under Supervision, alleging Johnson had, among other violations, been arrested for second-degree forgery and theft of property, failed a drug test, and failed to complete drug treatment.

At his revocation hearing, Johnson admitted that he left a rehabilitation facility and that "he submitted a urine sample for testing and it returned positive for marijuana." Johnson refused to admit to the pending state charges. The government's attorney informed the court that the government had "no witnesses subpoenaed," but suggested that the probation officer could "basically read from the police report" to prove the allegations of second-degree forgery and theft of property. The police report recounted Johnson's confession to the officers regarding the crimes of check theft and forgery in and around Jonesboro, Arkansas. After the district court considered the issue, the government recommended either having the probation officer read the police report on the record, or continuing the hearing. The district court decided to proceed. Johnson's attorney objected:

> Your Honor, we would—if they don't have any witnesses—and I understand this is a revocation proceeding, but the Constitution still applies. He's got a right to confront and cross-examine the witnesses against him. And if [the probation officer] is—all he's going to do is produce a police report, then Mr. Johnson's constitutional right is being violated.

The district court overruled the objection, and the government's attorney agreed, stating: "I don't think that applies here, Your Honor." The district court acknowledged that Mr. Johnson's attorney made the argument to "preserve her record

to appeal" the issue, but found that "the rules of evidence . . . are relaxed in a revocation hearing because it's not the same thing as being charged with the underlying offense."

The probation officer then read the police report into the record. After hearing the evidence, the district court acknowledged that it "didn't have direct evidence from the officers or the people or the victims at the stores where the checks were passed." But despite that, the court found that Johnson violated his supervised release by violating a state law and sentenced him to twenty-one months imprisonment with an additional three-year supervised release term. After the court made its ruling, Johnson's attorney again renewed the objection to the police report because it was testimonial in nature and violated Johnson's "right to confront and cross-examine those witnesses against him," citing Crawford v. Washington, 541 U.S. 36 (2004). The district court acknowledged that "the record is very clear that the defendant's position is that I can't give you the sentence that I gave you, it's just illegal. And so you have that argument on appeal."

Johnson now appeals the district court's judgment.

II.

Johnson contends that the district court's consideration of the police report violated his limited due process rights and the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 32.1(b)(2)(C). "We review questions arising under the constitution de novo, but we review the claim of a Rule 32.1(b)(2)(C) violation for an abuse of discretion." United States v. Martin, 382 F.3d 840, 844 (8th Cir. 2004) (internal citation omitted). The government responds that the underlying merits of Johnson's claim are irrelevant because (1) any error was harmless, (2) the issue was not raised in the district court, and (3) even if the argument was raised, the police report was sufficiently reliable to outweigh Johnson's right to cross-examine the

arresting officers. We address the government's arguments of harmless error and waiver before discussing the merits of Johnson's appeal.

A.

First, the government argues that any error was harmless because on remand the government would merely subpoena the officers who arrested Johnson, follow the proper procedure, and the officers would testify in conformity with the report. But whether any officers would testify consistently with the police report is not established in the record and cannot be known until the officers testify and are subjected to cross-examination. Moreover, this argument assumes that the government is entitled to a second opportunity to prove Johnson violated his supervised release by introducing the officer's testimony on remand, and as discussed below, we remand the case without expansion of the record.[1]

---

[1] Additionally, the government took the position at oral argument for the first time that at the revocation hearing Johnson admitted to using methamphetamine, which would qualify as a Grade B violation. According to the government, because of this admission, any error would be harmless because Johnson's guideline range would be the same. Even if Johnson's methamphetamine use would result in a Grade B violation, we do not consider arguments first raised at oral argument. United States v. Larison, 432 F.3d 921, 923 n.3 (8th Cir. 2006). Moreover, although his drug test indicated he had used methamphetamine and marijuana, at the revocation hearing Johnson only admitted to marijuana use. Under Arkansas law, marijuana is a Schedule IV substance, Ark. Code Ann. § 5-64-215(a)(1), and possession of less than 28 grams of a Schedule IV substance is a Class A misdemeanor, which does not exceed one year of imprisonment. Id. § 419(b)(4)(A); § 5-4-401(b)(1). Thus, because the government neither attempted to prove Johnson possessed methamphetamine nor introduced any evidence that Johnson possessed more than 28 grams of marijuana, his admission would only qualify as a misdemeanor, which is a Grade C violation. See United States Sentencing Commission, Guidelines Manual, §7B1.1(a)(3) (Nov. 2012).

Next, the government contends Johnson did not raise the due process issue below. According to the government, Johnson failed to raise the issue based on Rule 32.1 because he focused on Crawford v. Washington, instead of specifying a limited due process right to cross-examine adverse witnesses. Objections generally must be specific and timely. United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). "Preserving an issue is a matter of making a timely objection to the trial court and clearly stating the grounds for the objection, so that the trial court has an opportunity to prevent or correct the error in the first instance." United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993) (internal quotation marks omitted).

Based on our review of the sentencing transcript and as the district court recognized, Johnson's attorney preserved the due process issue for appeal. The objection was not based solely on Crawford v. Washington. At the beginning of the hearing, counsel objected to a separate constitutional violation of Johnson's right to cross-examine an adverse witness, before later referencing Crawford. Further, Johnson's attorney objected to the evidence throughout the hearing, arguing it violated the Constitution because Johnson had a right to cross-examine adverse witnesses, and even emphasized that the argument was not an evidentiary one. The district court responded, "I think the record is very clear that the defendant's position is that I can't give you the sentence that I gave you, it's just illegal. And so you have that argument on appeal."

Reviewing the record, we conclude Johnson's attorney raised specific and timely objections throughout the hearing and the trial court had "an opportunity to prevent or correct the error in the first instance." See Williams, 994 F.3d at 1294. Therefore, Johnson's objection was sufficient to preserve the issue for appeal, even if it did not explicitly cite Rule 32.1, because it adequately referenced the right to cross-examine adverse witnesses. See United States v. Zentgraf, 20 F.3d 906, 909 (8th Cir. 1994) (finding that Rule 32.1 essentially codified the minimal due process

requirements recognized by the Supreme Court that allow for cross-examination of adverse witnesses at a revocation hearing).

## B.

With respect to the merits of his argument, Johnson contends the probation officer's testimony deprived him of his right to question adverse witnesses. A defendant is not entitled to a trial during a revocation hearing; the rules of evidence do not apply and the government's burden of proof is lowered. United States v. Black Bear, 542 F.3d 249, 253-55 (8th Cir. 2008). A defendant is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). Moreover, the Supreme Court has held that "the minimum requirements of due process . . . include . . . the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972).

These requirements outlined in Morrissey are not absolute: a district court should "balance the probationer's right to confront a witness against the grounds asserted by the government for not requiring confrontation." United States v. Bell, 785 F.2d 640, 642 (8th Cir. 1986). While Bell acknowledged that any balancing test precludes articulating "fixed rules," a court should evaluate several factors. Id. at 642-43. "First, the court should assess the explanation the government offers of why confrontation is undesirable or impractical." Id. at 643. Second, a trial court should consider "the reliability of the evidence which the government offers in place of live testimony." Id. Ultimately, if "the government neither shows that presenting live testimony would be unreasonably burdensome nor offers hearsay evidence that bears indicia of reliability, the probationer is entitled to confrontation." Id. Although the district court did not consider the factors outlined in Bell, we may weigh the factors on appeal because the record was sufficiently developed below. See Black Bear, 542

F.3d at 255 ("Even if the district court does not conduct this balancing test, this court may itself perform the analysis on review if the underlying facts have been sufficiently developed." (internal quotation marks and alteration marks omitted)).

This case presents the issue of whether a police report alone is sufficiently reliable evidence of criminal conduct when the government offers no explanation for the arresting officer's unavailability. "While police reports may be demonstrably reliable evidence of the fact that an arrest was made they are significantly less reliable evidence of whether the allegations of criminal conduct they contain are true." Bell, 784 F.2d at 644. Whether a police report is "sufficiently reliable, and whether the expense and inconvenience of producing live testimony are sufficiently great, to justify dispensing with the right of confrontation, are questions to be faced on a case-by-case basis, considering all the relevant circumstances, including any admissions that may have been made by the probationer or parolee." Id.; see also United States v. Farmer, 567 F.3d 343, 347-48 (8th Cir. 2009) (holding district court may properly consider statements in a police report when the witness is unavailable and the report is corroborated by other evidence).

Turning to the circumstances in this case, not only have we previously questioned the reliability of police reports as evidence of criminal conduct, see Bell, 785 F.2d at 644, but the government has presented no explanation for why the arresting officer, or another officer who was present when the confession was made, failed to testify at Johnson's hearing. Instead, the government, relying on Farmer, argues that the police report is reliable because Johnson's confession documented in the report was given freely and because the report was corroborated. In Farmer, however, the arresting officers testified at the revocation hearing and were subject to cross-examination. 567 F.3d at 346-47. Here, no officer testified, and Johnson made no corroborating statements regarding the arrest in question. The only evidence of the criminal conduct before the district court was the police report. Balancing the lack of an explanation for a witness's unavailability against the reliability of the

police report, we hold that the district court erred: Johnson's right to confront an adverse witness outweighs "the grounds asserted by the government for not requiring confrontation." See Bell, 785 F.2d at 642.

C.

Finally, having determined that the district court should have allowed Johnson the opportunity to cross-examine an adverse witness and erred by considering the facts contained in the police report read into evidence, we must determine whether the record should be reopened on remand. "The consensus among our sister circuits is that generally where the government knew of its obligation to present evidence and failed to do so, it may not enter new evidence on remand." United States v. Dawn, 685 F.3d 790, 798 (8th Cir. 2012) (internal quotation marks omitted). Whether we allow the record to be expanded rests "upon the clarity of the issue below and whether we deemed the government's failure of proof at the initial sentencing to be excusable." See United States v. Ossana, 638 F.3d 895, 904 (8th Cir. 2011) (holding vague objection justified expansion of sentencing record).

After Johnson refused to admit to the additional allegations of second-degree forgery and theft of property, the government's attorneys acknowledged the government could not adequately prove the criminal conduct:

> We don't have any witnesses. There were no witnesses subpoenaed. [The probation officer] can basically read from the police report of the April 12th violation. Neither one of us have been given anything else. So I can't—I can't proceed on anything else but that. I'm embarrassed by that, but I can't make it up.

After the district court suggested the arresting officer was not necessary, the government's attorney agreed and stated, "You do not need it." Although the government's attorney did suggest a continuance, counsel did not request one and

asserted the court could "proceed on [the probation officer's] testimony regarding the April 12th offense." Indeed, after Johnson's attorney objected to the probation officer merely reading the arrest report into evidence because it violated a constitutional right, the government's attorney responded: "I don't think that applies here, Your Honor."

Therefore, "[u]nder these circumstances, we conclude that the Government had a full and fair opportunity to present its evidence and that we should follow the traditional path of limiting the Government to one bite at the apple." See United States v. Thomas, 630 F.3d 1055, 1057 (8th Cir. 2011) (per curiam) (internal quotation marks omitted). Even if the record "reflect[s] some confusion," it is clear that "the Government clearly understood its burden" from the beginning of the hearing. See id. Because the government knew of its obligation and inexcusably failed to meet it, this case is remanded without the opportunity to expand the record.

## III.

Johnson's sentence is vacated and the case is remanded to the district court for re-sentencing based on the existing record already before it, without the opportunity to expand the record, and without considering the contents of the police report detailing the April 12, 2012, conduct.

_____