# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1186

_____

United States of America

*Plaintiff - Appellee*

v.

Eric D. Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 23, 2013
Filed: October 9, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, BYE and GRUENDER, Circuit Judges.

_____

PER CURIAM.

While on supervised release, Eric Walker was arrested after Jennifer Jordan, Walker's companion, told officers Walker had broken into two homes and hidden a firearm in his vehicle. The officers found the handgun in Walker's vehicle and signs of forced entry at the homes Jordan had identified. After arresting Walker, the officers lost contact with Jordan, who had been staying at a homeless shelter,

provided no identification or contact information, and indicated she intended to leave town. Over Walker's objection at the revocation hearing, the government offered Jordan's statements through the testimony of the officers. The district court[1] found Jordan's statements reliable, admitted the statements, and revoked Walker's supervised release. Walker now appeals, arguing the district court erred in admitting Jordan's statements.

Reviewing the admission of Jordan's statements for abuse of discretion, see United States v. Martin, 382 F.3d 840, 844 (8th Cir. 2004), we find none. Determining whether to admit hearsay testimony during a revocation hearing requires balancing the "'probationer's right to confront a witness against the grounds asserted by the government for not requiring confrontation.'" United States v. Johnson, 710 F.3d 784, 789 (8th Cir. 2013) (quoting United States v. Bell, 785 F.2d 640, 642 (8th Cir. 1986)). The district court should consider the reliability of the out-of-court statements and assess the government's asserted reason for not producing the witness. Id. "Ultimately, if 'the government neither shows that presenting live testimony would be unreasonably burdensome nor offers hearsay evidence that bears indicia of reliability, the probationer is entitled to confrontation.'" Id. (quoting Bell, 785 F.2d at 643). We agree with the district court that the officers' corroboration rendered Jordan's statements reliable.[2] In addition, under the circumstances of this case, it would have been unduly burdensome for the government to have located Jordan to present her live testimony. Accordingly, the district court did not abuse its discretion

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

[2]It is unclear whether the district court evaluated the government's asserted reason for not producing Jordan. We may, however, analyze the Bell factors on review, provided the record is sufficiently developed, as it is here. See Johnson, 710 F.3d at 789.

in admitting Jordan's statements, which clearly support finding Walker violated the terms of his release.

The judgment of the district court is affirmed.

_____