# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3688

_____

United States of America

*Plaintiff - Appellee*

v.

James Edwin Pate

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: August 25, 2014
Filed: August 28, 2014
[Unpublished]

_____

Before BYE, SMITH, and KELLY, Circuit Judges.

_____

PER CURIAM.

While James Pate was serving a period of supervised release, he was charged with violating his release conditions, and the district court[1] held a revocation hearing

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

at which both sides introduced evidence regarding the alleged violations. Based on that evidence, the court concluded Pate had violated several supervised-release conditions, and revoked his supervised release. The court imposed a revocation sentence of 24 months in prison and no additional supervised release. This appeal followed, in which Pate raises issues about the evidence the court relied on in finding that he violated supervised release.

Pate first argues that the evidence was insufficient to support a finding that he committed a new law violation in November 2012, because the court improperly credited the testimony of a detective over the contrary testimony of witnesses to the alleged violation. This arguments fails. A district court's decision--as fact finder--to credit the testimony of one witness over the testimony of others at a revocation hearing is virtually unreviewable on appeal, see United States v. Walker, 688 F.3d 416, 422 (8th Cir. 2012), and based on the testimony that the district court credited, the court did not clearly err in finding that the government proved the alleged violation by a preponderance of the evidence, see United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (factfinding as to whether or not violation occurred is reviewed for clear error).

Pate also argues that, in finding he committed a second law violation in August 2013, the district court violated Federal Rule of Criminal Procedure 32.1 and the Confrontation Clause by relying on the contents of police reports that were read into the record. Upon careful review, see United States v. Johnson, 710 F.3d 784, 787 (8th Cir. 2013), we reject this argument also, because the information in the reports was corroborated by the live testimony of Pate's probation officer, who described what Pate had said to him about committing the second law violation, see United States v. Bell, 785 F.2d 640, 643-44 (8th Cir. 1986).

Finally, we conclude that the revocation sentence was not unreasonable. See United States v. Petreikis, 511 F.3d 822, 824 (8th Cir. 2009). Accordingly, we affirm

the judgment of the district court.  We also grant counsel's motion for leave to withdraw.

_____