# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3793

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Hernandez-Loera

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: November 12, 2018
Filed: January 30, 2019
[Published]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Appellant Jose Hernandez-Loera pled guilty to one count of unlawful use of identification documents, in violation of 18 U.S.C. § 1546(a). The district court[1]

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

sentenced him to a time-served sentence of 111 days and 3 years of supervised release. Hernandez-Loera appeals, asserting that the district court erred in sentencing him to a term of supervised release. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Hernandez-Loera, a native and citizen of Mexico and illegally in the United States, pled guilty and received his sentence for the unlawful use of identification documents related to his use of a fraudulent social security card and a fraudulent permanent resident card to obtain employment. On appeal, Hernandez-Loera challenges only the imposition of supervised release, asserting that the district court procedurally erred in imposing the term of supervised release, where it was expected that Hernandez-Loera would be immediately deported, without specific findings as to why supervised release was necessary.

Because Hernandez-Loera did not object at sentencing to the imposition of supervised release, we review his claim for plain error. United States v. Pate, 518 F.3d 972, 975 (8th Cir. 2008). "Under plain error review, it is the defendant's burden to prove (1) there was error, (2) that was plain, and (3) affected substantial rights." United States v. Adejumo, 772 F.3d 513, 538 (8th Cir. 2014) (quoting United States v. Martin, 714 F.3d 1081, 1084 (8th Cir. 2013)).

We find no error in the district court's decision to sentence Hernandez-Loera to a term of supervised release. Under the Sentencing Guidelines, "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." United States Sentencing Commission, Guidelines Manual, § 5D1.1(c). But the district court retains discretion to impose supervised release where it determines that supervised release "would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." USSG § 5D1.1 comment. (n. 5). In addition, as

some of our sister circuits have held, the "term 'ordinarily' in section 5D1.1(c) is 'hortatory, not mandatory.'" United States v. Aplicano-Oyuela, 792 F.3d 416, 424 (4th Cir. 2015) (quoting United States v. Dominguez-Alvarado, 695 F.3d 324, 329 (5th Cir. 2012)).

At sentencing, the government specifically asked for a period of supervised release as a means to deter Hernandez-Loera from another attempted illegal reentry. Significantly, in executing a search warrant on Hernandez-Loera's residence, law enforcement found tax returns, payroll information, counterfeit social security cards, and counterfeit immigration documents. While the district court did not specifically link its imposition of supervised release to the need for added deterrence, this is not reversible error. See United States v. Alvarado, 720 F.3d 153, 158 (2d Cir. 2013) (finding no error where district court did not explicitly discuss USSG § 5D1.1(c) when imposing supervised release). The record reflects that the district court considered the appropriate sentencing factors, the arguments of counsel, and the specific circumstances of the case before sentencing Hernandez-Loera. Further, the conditions of Hernandez-Loera's supervised release specified if he were removed or deported, he could not reenter the United States without permission, but he would not be on active supervision while he was outside the country. We conclude the district court's decision to impose supervised release is both consistent with the Sentencing Guidelines and an appropriate exercise of the district court's wide latitude in determining a sentence. See United States v. Hobbs, 845 F.3d 365, 367-68 (8th Cir. 2015) (discussing discretion of sentencing judge related to supervised release).

Accordingly, we affirm.

_____