# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1564

_____

United States of America

*Plaintiff - Appellee*

v.

Martin Avalos-Rico, also known as Rolando Blanco-Garcia, also known as Oscar
Cruz-Tulum, also known as Alejandro Tamayo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 18, 2019
Filed: March 22, 2019
[Unpublished]

_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Martin Avalos-Rico pled guilty to illegal reentry after deportation, in violation
of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] sentenced him to 70 months'

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern
District of Arkansas.

imprisonment and three years of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Avalos-Rico argues the district court erred by imposing supervised release on a deportable person without explanation. Avalos-Rico "did not object at sentencing to the imposition of supervised release," and this court reviews "his claim for plain error." *United States v. Hernandez-Loera*, 914 F.3d 621, 622 (8th Cir. 2019). "Under plain error review, it is the defendant's burden to prove (1) there was error, (2) that was plain . . . (3) affected substantial rights," and "affected the outcome of the district court proceedings." *United States v. Adejumo*, 772 F.3d 513, 538 (8th Cir. 2014).

Under U.S.S.G. § 5D1.1(c), "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). "But the district court retains discretion to impose supervised release where it determines that supervised release 'would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.'" *Hernandez-Loera*, 914 F.3d at 622, *quoting* U.S.S.G. § 5D1.1 comment. n.5. "[T]he term 'ordinarily' in section 5D1.1(c) is hortatory, not mandatory." *Id.* (cleaned up).

Here, the district court determined—as allowed by the guidelines—that a term of supervised release would provide an added measure of deterrence. While it "did not specifically link its imposition of supervised release to the need for added deterrence, this is not reversible error." *Id.* The court knew that Avalos-Rico's conviction was his third federal crime, and that after each previous term of imprisonment he was deported and then illegally reentered the United States. To deter him from reentering, the court also imposed a special condition of release: "If you are deported, a special condition is imposed where you will not be allowed to return to the United States during the period of your supervised release. If you do

return, it will be considered a violation of your supervised release."[2] "The record reflects that the district court considered the appropriate sentencing factors, the arguments of counsel, and the specific circumstances of the case." *Hernandez-Loera*, 914 F.3d at 622. "[T]he district court's decision to impose supervised release is both consistent with the Sentencing Guidelines and an appropriate exercise of the district court's wide latitude in determining a sentence." *Id.* at 623.

Avalos-Rico believes that the district court erred in failing to explain his sentence. While the district court "might have said more," where the "matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments," the law does not require a more extensive explanation. *Rita v. United States*, 551 U.S. 338, 359 (2007). *See United States v. Bordeaux*, 674 F.3d 1006, 1010 (8th Cir. 2012) (holding that this court does "not require lengthy explanations from district courts in [sentencing], especially when courts elect to impose within-range sentences"). The district court is required only to make clear that it considered the § 3553(a) factors. *See United States v. Hernandez*, 518 F.3d 613, 616 (8th Cir. 2008). This court "presume[s] that district judges know the law and understand their obligation to consider all the § 3553(a) factors." *United States v. Greenwell*, 483 Fed. Appx. 305, 306 (8th Cir. 2012) (internal quotation marks omitted). Here, the district court stated it considered the § 3553(a) factors, and no one objected. It did not plainly err by failing to provide a more detailed explanation.

Avalos-Rico contends his bottom-of-the-guidelines sentence is substantively unreasonable. This court considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38,

---

[2]This court assumes the district court intended the special condition to apply *unless* Avalos-Rico receives permission to reenter from the Department of Homeland Security.

51 (2007). "Sentences within the guideline range are presumed to be substantively reasonable." *United States v. Rubashkin*, 655 F.3d 849, 869 (8th Cir. 2011). Again, the district court considered the § 3553(a) factors. These included Avalos-Rico's extensive criminal history for conspiracy to make false documents; conspiracy to possess with intent to distribute cocaine; conspiracy to produce, possess, and transfer false identification documents with the intent to defraud; unlawful reentry of a previously deported alien; possession of methamphetamine; and third-degree battery. The district court did not err in sentencing him within the guidelines.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____