# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3191

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Eugene Puckett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: June 10, 2019
Filed: July 15, 2019
[Published]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Robert Eugene Puckett pleaded guilty to one count of knowingly failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The district court[1]

---

[1] The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

sentenced Puckett to ten months' imprisonment followed by a five-year term of supervised release. Puckett appeals, arguing that the district court abused its discretion in imposing two special conditions of supervised release, Special Condition Four and Special Condition Five.

Puckett timely objected to the imposition of these special conditions, so we review for an abuse of discretion. United States v. Sherwood, 850 F.3d 391, 395 (8th Cir. 2017). A district court's discretion to impose conditions of supervised release is broad, so long as each condition (1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)–(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)(2)(B)–(D); and (3) is consistent with any pertinent policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3583(d). "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as 'to ensure that the special condition satisfies the statutory requirements.'" United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011) (quoting United States v. Curry, 627 F.3d 312, 315 (8th Cir. 2010) (per curiam)).

Special Condition Four, as announced by the district court at sentencing, requires Puckett "to participate in a sex offender treatment program if recommended by a mental health professional and deemed necessary by [his] probation officer." The court then clarified that "a mental health professional has to say that [Puckett] *need[s]*" the treatment before it would be required. In its written judgment, the district court phrased this condition somewhat differently; the judgment indicates that Puckett "shall" participate in a treatment program but later states that the program must be recommended by the service provider and approved by his probation officer. To the extent there is any conflict between the district court's oral announcement of

the special condition at sentencing and its written judgment, the oral sentence controls.  See United States v. Foster, 514 F.3d 821, 825 (8th Cir. 2008).

The district court did not abuse its broad discretion in fashioning this condition. After conducting the required individualized inquiry into the facts and circumstances of Puckett's case, the district court concluded that Special Condition Four was needed because the underlying convictions that required Puckett to register as a sex offender were for the attempted sexual abuse of his minor daughter.  The district court stressed that treatment would be required only if it was deemed necessary by both Puckett's probation officer and a mental health professional.  The condition is thus reasonably related to Puckett's history and characteristics, § 3553(a)(1), and imposes no greater liberty deprivation than is reasonably necessary to protect the public and provide Puckett with needed mental health treatment, § 3553(a)(2)(C)–(D).

Puckett contends that United States v. Scott, 270 F.3d 632, 636 (8th Cir. 2001), stands for the proposition that a special condition of supervised release such as sex-offender treatment must be reasonably related to the *instant conviction*, rather than other sentencing factors.  We have never interpreted Scott as holding such.  Later cases have explained that a district court does not abuse its discretion by imposing special conditions reasonably related to the other sentencing factors identified in § 3583(d), which include the defendant's history and characteristics and the need to protect the public from further crimes.  See, e.g., United States v. James, 792 F.3d 962, 970–71 (8th Cir. 2015); United States v. Smart, 472 F.3d 556, 559 (8th Cir. 2006).

The district court described Special Condition Five as prohibiting Puckett from having any "direct unsupervised contact with any minor under the age of 18 without the written approval of [his] probation officer . . . ."  Again, to the extent there is any conflict between this description and the written judgment—which does not limit the condition to "direct" contact—the oral sentence controls.  See Foster, 514 F.3d at

825. Because this condition affects Puckett's ability to contact his own children, a constitutionally protected liberty interest, it is subject to more careful scrutiny. United States v. Hobbs, 710 F.3d 850, 853–54 (8th Cir. 2013). "Despite the constitutional sensitivity of such restrictions, we have repeatedly upheld conditions requiring defendants to receive permission from a probation officer before contacting their own children." Id. at 854; see, e.g., United States v. Stelmacher, 891 F.3d 730, 733–35 (8th Cir. 2018). In light of Puckett's prior convictions for attempted sexual abuse of his minor daughter, the district court did not abuse its discretion in imposing Special Condition Five. "[R]equiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate," and restricting Puckett's access to his children is reasonable given that his prior convictions related to his own minor daughter. United States v. Mickelson, 433 F.3d 1050, 1057 (8th Cir. 2006). The district court also stressed its openness to modifying or rescinding the condition in the future should circumstances warrant such action.

Accordingly, we affirm the judgment of the district court.

_____