# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 18-3708

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Nicole Marie Gorsline

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: October 14, 2019
Filed: November 19, 2019
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

——————————

PER CURIAM.

While on supervised release for her role in a conspiracy to manufacture methamphetamine, Nicole Gorsline was arrested for forgery. After her probation

officer testified about the arrest, the district court[1] revoked supervised release. We affirm.

On appeal, Gorsline argues that the district court should not have relied on her probation officer's testimony. Her theory is that, once he read from the police report of her forgery arrest, it gave rise to a "limited due process right[]" to confront the report's author. *United States v. Johnson*, 710 F.3d 784, 786 (8th Cir. 2013); *see also* Fed. R. Crim. P. 32.1(b)(2)(C).

The problem with Gorsline's theory is that she did not invoke this right at the revocation hearing. *See United States v. Simms*, 757 F.3d 728, 733 (8th Cir. 2014) (holding that there is no requirement for a district court to remedy a potential confrontation violation sua sponte at a revocation hearing). To be sure, Gorsline's attorney stated that the probation officer's testimony was "hearsay" and lacked "foundation." But there was no request to question the officer who wrote the report. *See Johnson*, 710 F.3d at 788 (holding that a releasee properly raised confrontation by "object[ing] to a separate constitutional violation of [his] right to cross-examine an adverse witness"). Having never made the request, Gorsline cannot now complain that she was denied the right to confront the report's author. *See Simms*, 757 F.3d at 733.

We accordingly affirm the judgment of the district court.

_____

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.