# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1989

_____

United States of America

*Plaintiff - Appellee*

v.

Codie Lee Allen Fisher

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 17, 2020
Filed: June 19, 2020
[Unpublished]

_____

Before KELLY, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

While on supervised release following a conviction for making a false statement during the purchase of a firearm, Codie Lee Allen Fisher assaulted his pregnant girlfriend. The state of Iowa filed charges against him, and the probation

office petitioned to revoke his supervised release. The district court[1] granted the petition and sentenced him to 24 months in prison followed by additional supervised release. Fisher appeals, arguing that the court erred by sentencing him for a Grade A violation of his conditions of release and by prohibiting contact with his girlfriend during his new term of release. We affirm.

"The district court has the discretion to revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release." United States v. Boyd, 792 F.3d 916, 919 (8th Cir. 2015) (citing 18 U.S.C. § 3583(e)(3)). We apply an abuse of discretion standard to the court's decision to revoke release, and review its factual findings for clear error. Id. (citations omitted).

The district court found by a preponderance of the evidence that Fisher had committed domestic abuse assault. See Iowa Code § 708.2A(2)(d). Because this offense was a crime of violence punishable by a term of imprisonment exceeding one year, the court held that Fisher committed a Grade A violation of his supervised release. U.S.S.G. § 7B1.1(a)(1). Fisher concedes that the assault took place. But he argues that he committed only assault causing bodily injury, Iowa Code § 708.2(2), because he and his girlfriend were not cohabiting. See State v. Virgil, 895 N.W.2d 873, 880 (Iowa 2017) (discussing qualifying relationships for domestic abuse assault under Iowa law). Assault causing bodily injury would only be a Grade C violation under the Guidelines. See U.S.S.G. § 7B1.1(a)(3).

Iowa statutes do not define "cohabiting," but the Iowa Supreme Court has held that "whether two people were cohabiting is a question of fact for the jury" to be resolved by considering a non-exclusive list of factors, including: (1) sexual relations

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

between the parties while sharing the same living quarters; (2) sharing of income or expenses; (3) joint use of ownership of property; (4) whether the parties hold themselves out as husband and wife; (5) the continuity of the relationship; and (6) the length of the relationship. Virgil, 895 N.W.2d at 880–81.

The district court addressed these factors at the revocation hearing. It especially credited Fisher's own statements upon arrest that his girlfriend was pregnant with his child, her other children consider him their father, the couple lived together at both Fisher's mother's house and his girlfriend's mother's apartment, they had been in a relationship for many months, and they were engaged. Fisher argues that the court ignored or failed to adequately weigh other evidence, like his girlfriend's testimony at the hearing that they stayed in the same house only three nights a week and did not share expenses or have joint ownership of property. But the record shows that the court carefully considered the countervailing evidence. Fisher's girlfriend also testified that the couple spent nearly "every single day" together and "almost every day had a sexual relationship." Hr'g Tr. 14:14–15, 37:7–11. And the district court found that Fisher's testimony at arrest was more credible than his girlfriend's hearing testimony—a determination that is "virtually unreviewable on appeal." United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (citation omitted). The district court's finding that Fisher cohabited with his girlfriend was not clear error.

Fisher also argues that the district court erred by imposing a special condition preventing contact with his girlfriend during supervised release because it did not sufficiently consider a state court decision cancelling a no-contact order between the couple, his girlfriend opposed the condition, and the condition is overly broad because it prohibits indirect contact thereby preventing him from communicating with his girlfriend about their child. Fisher does not claim the condition violated his constitutional rights, so we "afford[] [the district court] wide discretion . . . and we review a decision to impose special terms of supervised release for abuse of that

discretion." United States v. Hobbs, 845 F.3d 365, 367 (8th Cir. 2016) (citation omitted). All special conditions must (1) reasonably relate to such factors as the nature and circumstances of the offense and the defendant's criminal history; (2) involve no greater deprivation of liberty than reasonably necessary to promote deterrence, public safety, and the defendant's correctional needs; and (3) accord with Sentencing Commission policy. See id. at 368; 18 U.S.C. § 3583(d).

Fisher's arguments about the cancellation of the Iowa no-contact order and his girlfriend's opposition to the condition amount to a claim that the court weighed the evidence differently than Fisher would like, which is not an abuse of discretion. See United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010) (not an abuse of discretion to "give some factors less weight than a defendant prefers"). Also, considering Fisher's history of criminal violence against women, his recidivism, his attempts to influence his girlfriend's testimony from jail in violation of a state no-contact order, and that the offense at issue involved choking his pregnant girlfriend until she almost lost consciousness, the court did not abuse its discretion in imposing a condition preventing both direct and indirect contact. We agree with the district court that Fisher showed "absolutely no respect for the law or for the safety of other people" and his attempts "to influence [his girlfriend's] testimony . . . show[] an incorrigible trait . . . ." Hr'g Tr. 76:10–11, 15–16; see United States v. Wilson, 709 F.3d 1238, 1240–41 (8th Cir. 2013) (not an abuse of discretion to impose no-contact condition where defendant's violation of state no-contact order showed disrespect for the law). Finally, as the district court noted, the condition preventing contact can be amended when Fisher begins his supervised release if the probation office believes that to be appropriate. We affirm.

_____