# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-2409

_____

United States of America

*Plaintiff - Appellee*

v.

Devin Gaines McFunk

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: March 18, 2022
Filed: April 11, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Devin Gaines McFunk pled guilty to failure to register as a sex offender. The district court[1] imposed a sentence of 20 months' imprisonment and a 5-year term of supervised release. Gaines McFunk appeals the special condition of supervised

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

release prohibiting him from direct contact with any minor without prior approval. We affirm.

On April 15, 2013, 18-year-old Gaines McFunk was convicted in California of a crime involving a minor that required him to register as a sex offender. On August 7, 2017, while still in California custody, Gaines McFunk signed and initialed the State of California Notice of Sex Offender Registration Requirement under the name "Devin Gaines." Gaines McFunk was paroled on February 4, 2018, and registered as a sex offender using the name "Devin Gaines."

On June 18, 2018, Gaines McFunk removed his electronic monitor and absconded from parole supervision, fleeing to Ames, Iowa. After absconding, he used different aliases to find housing, obtain employment, avoid detection by law enforcement, and disguise himself in the community. At the time of his arrest, Gaines McFunk was residing with his girlfriend and her two children (ages five and eight) as well as his one-year-old daughter from a prior relationship.

During a post-Miranda interview, Gaines McFunk admitted to living in Iowa for more than two years. He provided various explanations for using different names but acknowledged he was required to register as a sex offender. Gaines McFunk explained his failure to register in Iowa, stating he wanted to obtain better employment and because he feared law enforcement would send him back to California. On January 22, 2021, Gaines McFunk pled guilty to one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250. In February 2021, while Gaines McFunk was incarcerated, Gaines McFunk's girlfriend gave birth to their first child together, a son.

At sentencing, the district court overruled Gaines McFunk's objection to the proposed special condition prohibiting him from direct contact with any child under the age of 18 without the prior approval of his supervising probation officer. The district court found the condition was reasonably related to the sentencing factors, reciting specifically the seriousness of Gaines McFunk's prior offense, his failure to

comply with the terms of his parole, his decision to move multiple times using different aliases, the frequency in which children are abused by family members or friends, and the need to protect the public, which outweighed his desire to be with his family. The district court found the condition was narrowly tailored because the probation officer was given discretion to approve contact with children if the requested contact is deemed appropriate during the period of supervision.

We review the imposition of a special condition of supervised release for abuse of discretion. United States v. Wright, 958 F.3d 693, 697 (8th Cir. 2020). A sentencing court has broad discretion to impose special conditions, "provided that each condition '1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission.'" United States v. Godfrey, 863 F.3d 1088, 1101 (8th Cir. 2017) (quoting United States v. Woodall, 782 F.3d 383, 385-86 (8th Cir. 2015) (per curiam)). "[T]he district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011) (quotations omitted).

The challenged condition implicates a constitutionally protected liberty interest, as it affects Gaines McFunk's ability to have contact with his own child, and thus is subject to more careful scrutiny. United States v. Puckett, 929 F.3d 1004, 1007 (8th Cir. 2019) (per curiam). Previously, we have upheld a condition requiring a defendant to obtain permission from a probation officer before contacting his own children. See United States v. Hobbs, 710 F.3d 850, 854 (8th Cir. 2013). In several cases, we have cited a defendant's history of sexual abuse of a minor as a factor in upholding the condition. See United States v. Simons, 614 F.3d 475, 481-82 (8th Cir. 2010) (citing cases). We have also determined that requiring prior approval before contact with minors is a reasonable means of ensuring that such contact is

appropriate.  Id. at 482; see also Wright, 958 F.3d at 697-98; Puckett, 929 F.3d at 1007.

Here, the district court expressed concern regarding the nature of Gaines McFunk's 2013 conviction. While acknowledging Gaines McFunk's youth at the time of the offense, the district court noted that his choices since then, including his intentional deception and absconding, demonstrated an unwillingness to follow the law.  The district court had "no confidence" that Gaines McFunk would comply with expectations regarding appropriate contact with minors without the condition.  After careful review of the record, the district court did not abuse its discretion in imposing the special condition.

The judgment of the district court is affirmed.

_____