United States Court of Appeals

For the Eighth Circuit

_____

No. 21-2760
_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Michael Rafferty, also known as Aaron M. Rafferty

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: March 18, 2022
Filed: May 16, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Aaron Michael Rafferty pled guilty to armed robbery and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2113(a), (d) and 924(c)(1)(A), (B)(i). The district court[1] sentenced him to 190 months in

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

prison and five years of supervised release. His supervised release began in March 2020. After violating it, the court imposed additional conditions, one of which he contests. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In March 2021, during a home visit, Rafferty's probation officer spoke with his girlfriend, J.L.[2] She reported he had "been physically and verbally assaultive to her in the past few weeks." He denied any physical assaults, but admitted "verbal altercations and him emotionally abusing her." In May, the probation office learned that local law enforcement had been contacted four times by either J.L. or neighbors "to report verbal altercations and domestic disturbances." In June, the government sought to modify the release conditions to prohibit, among other things, contact with J.L. and her family without prior permission from his probation officer.

Rafferty appeared before a magistrate judge on June 16. The judge granted the government's request to modify the conditions of supervision to include a noncontact order with J.L., except for previously scheduled couple's counseling sessions. Rafferty did not object. On June 27, he violated the noncontact order, kicking in J.L.'s apartment door screaming. J.L. said he was "not physical with her but that she was scared of him." A day later, he drove while intoxicated. On July 6, the magistrate judge detained him pending further proceedings. The judge confirmed the noncontact order remained. Yet Rafferty contacted J.L. from jail on July 17. He had previously spoken with her from jail multiple times, requesting she retract her statements about his abuse.

At his revocation hearing on July 20, Rafferty stipulated to all alleged violations of his conditions of release. The district court sentenced him within the guidelines to 12 months in prison and 48 months of supervised release. As a special condition of release, it prohibited contact with J.L. and her family "without the prior permission from the United States probation officer." Rafferty asked whether he could contact her with his probation officer's permission. The court said no. In the

---

[2]At a later hearing, Rafferty asserted he and J.L. were engaged.

written judgment, the special condition of release stated, "You must not contact the victim, [J.L.], nor the victim's family."

Rafferty contests this special condition. This court reviews for abuse of discretion. *United States v. Puckett*, 929 F.3d 1004, 1006 (8th Cir. 2019). Courts have broad discretion to impose conditions of supervised release if they (1) are reasonably related to the sentencing factors, (2) involve no greater deprivation of liberty than necessary, and (3) are consistent with any pertinent policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3583(d). The relevant sentencing factors include: "the nature and circumstances of the offense of conviction, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs." *United States v. Wilkins*, 909 F.3d 915, 918 (8th Cir. 2018). "When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." *Puckett*, 929 F.3d at 1006 (internal quotation marks omitted).

The district court based the special condition on an individualized assessment of the case. At the very least, the record showed that Rafferty and J.L.'s relationship was characterized by verbal altercations and emotional abuse. At times, J.L. reported physical abuse as well. Law enforcement responded to multiple allegations of domestic disturbances between the two. And Rafferty repeatedly violated the court's noncontact order, on some occasions trying to convince J.L. to recant earlier statements.

Rafferty relies on *United States v. Hobbs*, but it is distinguishable. *Hobbs*, 845 F.3d 365, 367 (8th Cir. 2016). First, the couple there was married. Second, there were no allegations of abuse. Third, and most important, the *Hobbs* court found the special condition was based on "pure speculation or assumption," rather than anything in the record. *Id*. at 368-69. Here, the court relied on specific evidence of

domestic abuse and violations of noncontact orders. *See Wilkins*, 909 F.3d at 918 (noting the condition was imposed after "making an individualized inquiry into the facts"). The district court did not abuse its discretion. *Id*. (finding no abuse of discretion where a no-contact order was imposed "specifically to protect Wilkin's wife").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____