# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-2119

_____

United States of America

*Plaintiff - Appellee*

v.

Shawn George Hutson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: November 14, 2022
Filed: February 9, 2023
[Published]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In 2019, Shawn Hutson was sentenced to 27 months of imprisonment and a five-year term of supervised release after pleading guilty to one count of failing to register as a sex offender. His term of supervised release began on September 2, 2020. At a May 16, 2022, revocation hearing, Hutson admitted to several substance-

abuse-related violations of his supervised release. The district court[1] revoked his supervision and imposed a ten-month sentence of imprisonment to be followed by a one-year term of supervised release. Hutson appeals, challenging one of the special conditions of his post-revocation supervision.

At his revocation hearing, Hutson objected to Special Condition 2, which reads as follows:

> The defendant must not knowingly have contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without the prior written consent of the United States Probation Office. The United States Probation Office may work with the defendant and the defendant's family to set up supervised communications and visits with the defendant's ***biological and legally adopted*** children.

(emphasis added). While his criminal case was pending, Hutson had married a woman with three minor children from a previous relationship, and he asked the district court to add "stepchildren" to "biological and legally adopted children" for purposes of setting up supervised visits. The district court denied his request.

On appeal, Hutson raises several challenges to Special Condition 2. We start with his claim that the condition is an unconstitutional restriction on his ability to associate with his family because it "directly prohibits" him from visiting his stepchildren and, by extension, "prevents him from associating with his wife when any of her children are present." Hutson did not raise this argument to the district court, so we review it for plain error. See United States v. Perrin, 926 F.3d 1044, 1045–47 (8th Cir. 2019).

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Contrary to Hutson's characterization, we do not interpret Special Condition 2 as an outright prohibition on visits with his stepchildren. As Hutson points out, the condition does not include "stepchildren" in the category of minors with whom supervised visits may be arranged with the help of the probation office. But, more generally, the condition's first sentence prohibits "contact" with minors "without the prior written consent of the United States Probation Office." A fair reading of this restriction would permit Hutson to visit his stepchildren so long as he obtained the requisite permission from the proper source. See United States v. Cramer, 962 F.3d 375, 383 (8th Cir. 2020) ("When a condition [of supervision] impacts basic liberty interests, such as limits on contacting minors . . . , we have encouraged the use of conditions requiring advance approval of the probation officer, . . . rather than outright prohibitions."). And this court has "repeatedly upheld conditions requiring defendants to receive permission from a probation officer before contacting their own children." United States v. Puckett, 929 F.3d 1004, 1007 (8th Cir. 2019) (quoting United States v. Hobbs, 710 F.3d 850, 854 (8th Cir. 2013)). We see no plain error in the district court's crafting of Special Condition 2.

Hutson next argues that the district court's refusal to include "stepchildren" in Special Condition 2 amounted to an abuse of discretion. See United States v. Kempter, 29 F.4th 960, 968 (8th Cir. 2022) ("We review special conditions of supervised release for abuse of discretion."). He suggests that the condition's distinction between stepchildren and "biological and legally adopted children" is arbitrary and ultimately prevents him from visiting his stepchildren in person.

Again, we read Special Condition 2 as barring Hutson from visiting his stepchildren only when the probation office does not give him permission to do so beforehand. Furthermore, based on the record before it at the time of Hutson's revocation hearing, the district court did not abuse its discretion in imposing Special Condition 2 without Hutson's requested modification. Hutson told the district court at the hearing that he lived in Iowa while his wife and stepchildren resided in Wisconsin. When the district court asked him directly, "So as long as you're on supervision, you're not living even in the same state as [your stepchildren]?" Hutson

answered, "No." Hutson failed to address the complications such living arrangements might present if the probation office in Iowa were tasked with arranging supervised visits between him and his stepchildren. Moreover, the district court left the door open for the very type of supervised visits Hutson requested, telling Hutson: "And when you come out, if the situation is different, if you've adopted the[] kids *or the situation has changed*, you can always petition the Court for a change." (emphasis added). If Hutson's living situation changes and he presents a realistic plan for how supervised visits with his stepchildren could be arranged, we see no reason why the district court would decline to consider a petition to modify the terms of his supervised release accordingly. See 18 U.S.C. § 3583(e)(2).

Finally, Hutson contends that the district court failed to engage in an individualized inquiry before imposing Special Condition 2. See United States v. Wilkins, 909 F.3d 915, 918 (8th Cir. 2018) ("[A] court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." (citation omitted)). Hutson's objection to Special Condition 2 was narrow: He objected only to the omission of "stepchildren" from the condition's second sentence. As described above, the district court engaged in a colloquy with Hutson about his living arrangements, explained its reasons for imposing Special Condition 2 without modification, and left open the possibility for future modifications if warranted by the circumstances. Given the limited nature of Hutson's objection, the district court's analysis was sufficiently individualized.

The judgment of the district court is affirmed.

_____